UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| TERESA R. BURWELL,<br><br>                    Plaintiff,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA, *et al.*,<br><br>                    Defendants. | Case No. 2:20-cv-00443-KJD-VCF<br><br>**Order**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1) |

Before the Court are pro se plaintiff Teresa R. Burwell's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1).  Burwell's in forma pauperis application is granted and her complaint is dismissed without prejudice.

## DISCUSSION

Burwell's filings present two questions: (1) whether Burwell may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Burwell's complaint states a plausible claim for relief.

**I.    Whether Burwell May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that she receives $995 in social security disability and $292 per month in child support arrears. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

## II. Whether Burwell's Complaint States a Plausible Claim

### a. Legal Standard

Section 1915 also requires that if the Court grants an application to proceed in forma pauperis, the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)). The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. "A document filed pro se is 'to be liberally construed'" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the

Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Burwell's Complaint

Burwell brings civil rights claims against defendants the Attorney General of Nevada, the State of Nevada Workers Compensation Division of Appeals, Zurich (a workers compensation insurance carrier for her former employer the Cosmopolitan), Nevada Orthopedic Spine and Pain Center ("NOSPC"), and Dr. Arthur Taylor at NOSPC. (ECF No. 1-1 at 2-3). Plaintiff alleges that the defendants violated her civil rights in relation to a 2015 injury to her hand from when she worked at the Cosmopolitan.

Plaintiff brings claims against the defendants for: (1) violations of "fair and equal treatment", (2) "bias",(3) "wrongful termination of workers compensation benefits", (4) "slander, libel, and false reports", (5) "fail[ure] to render a fair and just process", (6) violations of the Americans with Disabilities Act, (7) discrimination, and (8) fraudulent misrepresentation. (*Id.* at 3-4). Plaintiff alleges she was wrongfully terminated from the Cosmopolitan on February 22, 2016 due to the actions of the defendants. (*Id.* at 6).

Plaintiff admits in her complaint that she has filed at least two other cases involving the same facts and issues. (*Id.* at 6-7). In the Nevada Eighth Judicial District Court (A-18770532C)("State Court Case"), she filed claims for negligence, false reports, and libel against Dr. Taylor and NOSPC. (*Id.*) In this Court ("Federal Court Case"), she filed a wrongful termination case against the Cosmopolitan that this Court dismissed with prejudice. See, *Burwell v. Nevada Property 1 LLC et al.*, 2:18-cv-00980-KJD-NJK.

3

### c. The First-to-File Rule and Claim Splitting

"[T]he "first-to-file" rule (also called the "first-filed" or the "prior pending action" rule) dictates that, in the absence of "exceptional circumstances," the later-filed action should be stayed, transferred or dismissed[ ]." *Colortyme Fin. Servs. v. Kivalina Corp.,* 940 F. Supp. 269, 272 (D. Haw. 1996), citing to *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007); citing to *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 184, 72 S. Ct. 219, 221 (1952). "In a situation such as here, where one district court had duplicative suits contemporaneously pending on its docket, we conclude, as did the Supreme Court in an analogous situation, that "[n]ecessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower court[ ]." *Adams*, 487 F.3d at 692 citing to *Kerotest Mfg. Co.*, 342 U.S. at 184.

The first-filed rule should not be departed from except in cases of, "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 972 (3d Cir. 1988). "The prior pending action doctrine is one of federal judicial efficiency to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments, and provides that where there are two competing lawsuits, the first suit should have priority[.]" *Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 241 (D. Conn. 2007). "A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event." *Adams,* 487 F.3d at 686.

A related legal doctrine, called claim-splitting, is a "sub-species" of res judicata. *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 19-cv-03345-EMC, 2019 U.S. Dist. LEXIS 174870,

4

at 10 (N.D. Cal. Oct. 8, 2019). The doctrine provides that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits. *In re PersonalWeb Techs.,* LLC, 2019 U.S. Dist. LEXIS 56804, at 49 (N.D. Cal. Mar. 13, 2019). Claim splitting differs from res judicata because it does not require that there be a final judgment. *Adams* at 487 F.3d at 692 (In considering whether a second action is duplicative for purposes of claim splitting, a court borrows from the test for res judicata and analyzes, "whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion") "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams,* 487 F.3d at 688.

Plaintiff initiated both the State Court Case and the Federal Court Case cited above prior to initiating this action. It appears that she filed her State Court Case first. Plaintiff admits that the State Court Case is related to the same facts and events regarding her 2015 hand injury leading to her alleged wrongful termination in February 2016. Regardless of whether the cases have slightly different claims, allegations, or defendants, the rule against claim splitting mandates that Burwell has no right to maintain multiple actions involving the same subject matter. The first-to-file rule dictates that Burwell has filed at least two prior cases involving the same subject matter related to the events that led to her 2016 termination.

The Court notes that the causes of action and the listed defendants are not completely identical. For example, plaintiff did not state that she brought 1983 claims against Dr. Arthur and NOSPC in the State Court Case. The facts alleged in each complaint, however, involve the same subject matter. Because the rule against claim splitting forecloses plaintiff's ability to bring separate actions involving the same subject matter, the Court dismisses this case without prejudice.

Dismissal of this case is appropriate because it serves judicial efficiency. The Court declines to

analyze Burwell's claims individually[1] because it appears that the same issues are either currently pending or could have been pending before at least two other judges.

ACCORDINGLY,

IT IS ORDERED that plaintiff Burwell's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Burwell's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Burwell has until Tuesday, May 26, 2020, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

---

[1] The Court does note, however, that on the face of the complaint, it also appears that the plaintiff's claims are time-barred. Plaintiff filed her complaint on March 3, 2020 and it appears that the alleged actions of the defendants took place before February 22, 2016 (over four years ago). The statute of limitation for 1983 actions is two years. See e.g. *Wilson v. Garcia*, 471 U.S. 261, 279—80, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985*); Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir.2000)(Federal courts borrow the statute of limitations for personal injury claims in the forum state. The statute of limitations for personal injury actions is two years in Nevada. NRS § 11.190.)

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 24th day of April 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE